UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE DAVIS, | No. 2:18-cv-0090-EFB P |
| Plaintiff, | |
| v. | ORDER |
| R. RACKLEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 2).

## Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v.*

1

*Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff brings this action against ten defendants. He alleges that, in July 2009, he reported sexual advances made by his cell-mate ("Raye") to defendant Zapata. ECF No. 1 at 5. Specifically, he told Zapata that Raye had slapped his buttocks while he was in bed. *Id.* He asked Zapata to re-assign him to a different cell because he feared being sexually assaulted. *Id.* Zapata allegedly laughed at plaintiff's request and, subsequently, "thwarted [plaintiff's] verbal complaint" by telling him to "man the fuck up and deal with it like a man." *Id.* Plaintiff made the same request of other correctional officers (defendants Treichel and Daniels) and met with similar rejections. *Id.* at 5-6.

Several days after these complaints, plaintiff engaged in a physical altercation with Raye that left him with a fractured eye-socket, facial scarring, and various abrasions. *Id.* at 6-7. In the aftermath of this altercation, plaintiff claims that defendants Daniels, Zapata, Treichel, Ikemoto, Smith covered up both the nature of this assault and the fact that plaintiff had previously warned them of its possibility by issuing a false rules violation report. *Id.* at 7. Over the next eight years, plaintiff claims that all of the defendants violated his First Amendment rights by engaging in a conspiracy to thwart his staff complaints and deny him access to the courts on this issue. *Id.* at 8.

As an initial matter, any failure to protect claim (to the extent plaintiff seeks to raise one) based on the 2009 assault appears to be definitively barred by the statute of limitations. *See Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017) ("The statute of limitations relevant to [appellant's] § 1983 claims was California's two-year limit for personal injuries."); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"). Even allowing for the two year tolling of the statute of limitation under California law for state

3

prisoners (Section 352.1 of the California Code of Civil procedure), his claims related to this eight-year old incident are well past the statute of limitations.[1]

The remaining claim that defendants have engaged in a continuous conspiracy to stifle plaintiff's First Amendment rights is too vague to proceed. Plaintiff offers few details regarding this conspiracy and he makes no specific allegations of personal involvement on the part of any of the defendants. Nor does he offer any timeline of conspiratorial activity that would allow the court or the defendants to determine whether any of these First Amendment claims are themselves timely. Accordingly, the court concludes that he has not met the Rule 8 pleading requirement that he put defendants on notice of the specific allegations against each of them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.").

Finally, to the extent that plaintiff seeks to bring any claim based on the Prison Rape Elimination Act, that claim necessarily fails. That act does not give rise to a private cause of action. *See Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 U.S. Dist. LEXIS 58021 at * 3 (E.D. Cal. Apr. 25, 2012); *Law v. Whitson*, No. 2:08-cv-0291-SPK, 2009 U.S. Dist. LEXIS 122791, 2009 WL 5029564, at *3 (E.D. Cal. Dec. 15, 2009) (Prison Rape Elimination Act does not create a private right of action, nor does it create a right enforceable under Section 1983).

Based on the foregoing, plaintiff's complaint must be dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so

---

[1] "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

/////

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

DATED: February 4, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE