UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>R. RACKLEY, Warden, et al.,<br><br>    Defendants. | No. 2:18-cv-0090-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF No. 6), plaintiff filed an amended complaint, which the court now screens.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////
/////
/////

1

Screening Order

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff brings this action against ten defendants. He alleges that, in July 2009, he reported sexual advances made by his cell-mate ("Raye") to defendant Zapata. ECF No. 1 at 5. Specifically, he told Zapata that Raye had slapped his buttocks while he was in bed. *Id.* He asked Zapata to re-assign him to a different cell because he feared being sexually assaulted. *Id.* Zapata allegedly laughed at plaintiff's request and, subsequently, "thwarted [plaintiff's] verbal complaint" by telling him to "man the fuck up and deal with it like a man." *Id.* Plaintiff made the same request of other correctional officers (defendants Treichel and Daniels) and met with similar rejections. *Id.* at 5-6.
>
> Several days after these complaints, plaintiff engaged in a physical altercation with Raye that left him with a fractured eye-socket, facial scarring, and various abrasions. *Id.* at 6-7. In the aftermath of this altercation, plaintiff claims that defendants Daniels, Zapata, Treichel, Ikemoto, Smith covered up both the nature of this assault and the fact that plaintiff had previously warned them of its possibility by issuing a false rules violation report. *Id.* at 7. . . . .
>
> As an initial matter, any failure to protect claim (to the extent plaintiff seeks to raise one) based on the 2009 assault appears to be definitively barred by the statute of limitations. *See Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017) ("The statute of limitations relevant to [appellant's] § 1983 claims was California's two-year limit for personal injuries."); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"). Even allowing for the two year tolling of the statute of limitation under California law for state prisoners (Section 352.1 of the California Code of Civil procedure), his claims related to this eight-year old incident are well past the statute of limitations.[1]

ECF No. 6 at 3-4. In the amended complaint, plaintiff states that he was "out to court" at the San Mateo County Jail from December of 2009 through February of 2013. ECF No. 16 at 9. He claims that he asked for his paperwork on March 5, 2013 and was told that it had been "removed." *Id.* To the extent plaintiff supplies these allegations in an effort to show that the statute of limitations should be tolled, they are unavailing. *Id.* at 10.

---

[1] "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Plaintiff was aware of his injuries in 2009, which triggered the statute of limitations. Plaintiff does not specify what "paperwork" was missing, why he did not request it prior to 2013, or why access to it prevented him from timely filing suit. Moreover, even if the four-year limitations period were tolled to March of 2013, when plaintiff learned that the paperwork had been "removed," his January 10, 2018 complaint would still be untimely by nearly a year. Thus, plaintiff's amended complaint must also be dismissed as barred by the statute of limitations.

Leave to Amend

The court has afforded plaintiff a chance to amend his complaint, yet he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

Conclusion

Accordingly, it is hereby ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 16) be DISMISSED without leave to amend as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE