UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. RACKLEY, M. VOONG, J. ABARCA, KESTESSON, W.A. DOBIE, III, J. DANIELS, O. ZAPATA, P. TREICHEL, S. IKEMOTO, J. SMITH,<br><br>　　　　Defendants. | No. 2:18-cv-00090-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Robbie Davis's ("Plaintiff") two filings in which he requests the Court reopen his case, which the Court construes together as a Motion for Reconsideration. (ECF Nos. 28, 29.) For the reasons set forth below, Plaintiff's Motion is DENIED.

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, initiated this civil rights action seeking relief under 42 U.S.C. § 1983 on January 16, 2018. (ECF No. 1.) On February 4, 2019, the magistrate judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a). (ECF No. 6.) The magistrate judge dismissed the Complaint on the basis that Plaintiff's purported failure to protect claim was based on an incident that occurred in 2009 and was therefore barred by the statute of limitations. (*Id.* at 3.) Plaintiff's remaining allegations were too vague to state a claim in compliance with Federal Rule of Civil Procedure ("Rule") 8(a)(2). (*Id.* at 4.) The magistrate judge granted Plaintiff thirty days to file an amended complaint. (*Id.* at 4–6.)

On July 11, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 16.) The magistrate judge screened the FAC pursuant to 28 U.S.C. § 1915A(a) and recommended dismissal of the action with prejudice because Plaintiff's sole cognizable claim was barred by the statute of limitations. (ECF No. 20 at 2–3.) Plaintiff filed two sets of objections to the Findings and Recommendations. (ECF Nos. 21, 23.) On March 26, 2020, the Court adopted the July 11, 2019 Findings and Recommendations in full and dismissed the action. (ECF No. 26.) Judgment was entered the same day. (ECF No. 27.)

On July 9 and 28, 2020, Plaintiff filed two separate documents requesting that the Court reopen his case, which the Court construes together as a Motion for Reconsideration. (ECF Nos. 28, 29.)

## II. STANDARD OF LAW

The Court may grant reconsideration under either Rule 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Here, Plaintiff's motion was filed over three months after entry of judgment and is

therefore construed as a motion for relief from final judgment under Rule 60(b).  (*See* ECF Nos. 27–29.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding."  *Id.*  Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6).  *Id.*, citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009).  Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Id.*

**III.   ANALYSIS**

The Court finds Plaintiff fails to provide any facts or argument to satisfy Rule 60(b).  Plaintiff claims he suffers from a broken eye socket and severe mental health issues that have

3

delayed his filings. (*See* ECF No. 28 at 2; ECF No. 29 at 1.) Specifically, Plaintiff appears to argue these conditions prevented him from initiating his lawsuit within the applicable statute of limitations. (*See id.*) Plaintiff further claims he was unable to timely initiate this action because he was "out to court" from December 2009 through February 2013, and when he returned to prison, he discovered that his prior paperwork was gone. (ECF No. 29 at 1.) However, these are the same arguments that form the basis of Plaintiff's Complaint and FAC, and which Plaintiff raised — unsuccessfully — in multiple objections to the January 8, 2020 Findings and Recommendations. (*See* ECF Nos. 1, 16, 21, 23; *see also* ECF No. 20 at 2–3 (Findings and Recommendations rejecting Plaintiff's "lost paperwork" arguments).) As such, they do not constitute new arguments or circumstances justifying reconsideration.[1] *Marlyn*, 571 F.3d at 880. Indeed, Plaintiff does not present any newly discovered evidence suggesting this matter was wrongly dismissed, nor does he contend the Court erred in concluding his claim was not filed within the applicable statute of limitations. *Id.* To the contrary, the Court finds that, after a *de novo* review of this case, the action was properly dismissed as barred by the statute of limitations.

### IV.  CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Reconsideration (ECF Nos. 28, 29) is hereby DENIED.

IT IS SO ORDERED.

DATED:  December 11, 2020

Troy L. Nunley
United States District Judge

---

[1] The Court additionally notes Plaintiff's eye socket injury occurred in July 2009. (*See* ECF No. 16 at 4–5; *see also* ECF No. 29 at 4.) Because this condition pre-dates the initiation of the instant lawsuit by several years, the Court is unpersuaded that it may be properly considered as a basis for granting reconsideration of the Court's March 2020 order of dismissal. Plaintiff also submits a handwritten letter dated June 29, 2020, in which he requests mental health assistance. (ECF No. 28 at 3.) Presumably this letter is submitted in support of Plaintiff's contention that mental health conditions prevented him from timely filing this action. However, the Court is similarly unpersuaded that this document provides a basis for reconsideration, as the letter indicates Plaintiff did not seek mental health treatment until nearly three months after Judgment was entered in this action.